FILED
IN CLERK'S OFFICE
US DISTRICT COURT E.D.N.Y.

★ JUL 29 2019 ★

BROOKLYN OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
UNITED STATES OF AMERICA,

v.

ARON STARK,

        Defendant.
-----------------------------------------------------------X

**MEMORANDUM & ORDER**
18-CR-157 (WFK)

**WILLIAM F. KUNTZ, II, United States District Judge:**

On October 10, 2018, Aron Stark pled guilty to Count One of the Indictment. The Court now sentences him and provides a complete statement of reasons pursuant to 18 U.S.C. § 3553(c)(2) of those factors set forth by Congress contained in 18 U.S.C. § 3553(a). For the reasons discussed below, Aron Stark is hereby sentenced to 14 months of incarceration, 3 year(s) of supervised release, criminal forfeiture as set forth in the Order of Forfeiture, restitution in the amount of $39,270.00, and a $100.00 special assessment.

## BACKGROUND

On March 28, 2018, the Government filed an Indictment charging Aron Stark ("Defendant") with two counts of theft of government funds, in violation of 18 U.S.C. § 641, and one count of health care fraud, in violation of 18 U.S.C. § 1347. Indictment ¶¶ 16-21, ECF No. 1. The Indictment also included criminal forfeiture allegations as to all counts. *Id.* ¶¶ 22-25. On October 10, 2018, Defendant pled guilty to Count One of the Indictment pursuant to a plea agreement. *See* Plea Agreement, ECF No. 22.

The Court hereby sentences Defendant and sets forth its reasons for Defendant's sentence using the rubric of the 18 U.S.C. § 3553(a) factors pursuant to 18 U.S.C. § 3553(c)(2).

## DISCUSSION

**I. Legal Standard**

18 U.S.C. § 3553 outlines the procedures for imposing sentence in a criminal case. The "starting point and the initial benchmark" in evaluating a criminal sentence is the Guidelines

sentencing range. *Gall v. United States*, 552 U.S. 38, 49 (2007). If and when a district court chooses to impose a sentence outside of the Sentencing Guidelines range, the court "shall state in open court the reasons for its imposition of the particular sentence, and ... the specific reason for the imposition of a sentence different from that described" in the Guidelines. 18 U.S.C. § 3553(c)(2). The court must also "state[] with specificity" its reasons for so departing or varying "in a statement of reasons form." *Id.*

"The sentencing court's written statement of reasons shall be a simple, fact-specific statement explaining why the guidelines range did not account for a specific factor or factors under § 3553(a)." *United States v. Davis*, 08-CR-0332, 2010 WL 1221709, at *1 (E.D.N.Y. Mar. 29, 2010) (Weinstein, J.). Section 3553(a) provides a set of seven factors for the Court to consider in determining what sentence to impose on a criminal defendant. The Court addresses each in turn.

## II. Analysis

### A. The Nature and Circumstances of the Offense and the History and Characteristics of the Defendant

The first § 3553(a) factor requires the Court to evaluate "the nature and circumstances of the offense and the history and characteristics of the defendant." 18 U.S.C. § 3553(a)(1).

Defendant was born on July 22, 1981 in Harris, New York. Presentence Investigation Report ("PSR") ¶ 40, ECF No. 25. Defendant is one of ten children born to the marital union of Isidore and Etta Stark. *Id.* Defendant's mother died in 2017 from complications related to pneumonia. *Id.* ¶ 41. Defendant's father reportedly suffers from mental health problems and receives social security disability income. *Id.* According to Defendant, his parents "were not

2

loving people," and he experienced significant physical abuse from his father between the ages of 6 and 17. *Id.* ¶¶ 41-42.

Defendant's family experienced financial struggles throughout his childhood, and he was raised in a low-income household in Brooklyn, New York. *Id.* ¶¶ 42, 44. He reportedly performed poorly in school but graduated from United Talmudical Academy in Brooklyn in 1997. *Id.* ¶ 54; Def. Sentencing Mem. at 12, ECF No. 30. Defendant advised he does not communicate with his nine siblings except for his brother, Herman Stark. PSR ¶ 43. In a telephone interview, Herman Stark described Defendant as a very quiet person who never shared personal details with others. *Id.* He is aware of Defendant's arrest for the instant offense and remains supportive. *Id.*

Defendant married Esther Glauber in 1998 when he was 17 years old. *Id.* ¶ 45. The marriage was arranged by the couple's parents. *Id.* Ms. Glauber reportedly suffers from bipolar disorder and has been in and out of psychiatric hospitals. *Id.* The couple divorced in 2007. *Id.* She has filed several orders of protection against Defendant, all of which have expired. *Id.* ¶ 46. They have two children together, Chaney, age 17, and Dov, age 16, who both attend boarding school in upstate New York. *Id.* ¶¶ 45-47. Defendant has a close relationship with both of his children, who are both aware of his arrest for the instant offense and currently visit a psychotherapist twice per week to address nervousness regarding Defendant's upcoming sentencing. *Id.* ¶ 47.

Defendant reported good health and no serious illnesses, although he was the victim of assault on several occasions in the past. *Id.* ¶ 51. Defendant had no history of substance abuse or mental health issues as of the filing of the Pre-Sentence Investigation Report, although he reported he had been saddened by his legal situation. *Id.* ¶¶ 52-53. According to a psychological

3

evaluation conducted at the request of defense counsel, Defendant suffers from Persistent Depressive Disorder and Stressor-Related Disorder. *See* Def. Sentencing Mem., Ex. A at 9.

Defendant has reportedly lived in a multi-family residence that he owns in Brooklyn, New York since 2013. *Id.* ¶ 48. A home visited by the U.S. Probation Department ("Probation") revealed a concrete, two-room basement area where Defendant resides. *Id.* The only access point was a cellar door in front of the house, and the apartment had a bathroom but no kitchen, lighting, or heating system. *Id.* According to Probation, the residence was in a "dilapidated state of condition" at the time of the visit. *Id.*

Defendant considered himself a property manager and landlord since 2007, and he also was a part-time bus driver for a bus company in Monsey, New York from 2007 to 2013. *Id.* ¶¶ 56-57. Before then, he was a full-time supervisor of a kosher kitchen in Monsey, New York. *Id.* ¶ 58. According to monthly supervision report forms submitted to Pretrial Services and the Pre-Sentence Investigation Report, Defendant has total assets of $2,883,000.00 and total liabilities of $8,248.00. *Id.* ¶¶ 61-63.

Defendant owns several real estate holding and limited liability corporations ("LLCs") associated with four apartment buildings in Brooklyn, New York. *Id.* ¶ 56. Defendant also owns the four apartment buildings, which are in turn owned and controlled by Defendant through the separate LLCs. *Id.* ¶ 7. Records reveal Defendant is the single-member manager and owner of these LLCs and has the sole authority and control to conduct business on behalf of the LLCs. *Id.* ¶ 7.

With respect to the underlying offense, between 2007 and 2013, Defendant collected tens of thousands of dollars in Medicaid and Supplemental Nutrition Assistance Program ("SNAP") benefits for which he was not eligible to receive because of his ownership of these apartment

4

buildings, which produced income for Defendant. *Id.* ¶¶ 9, 15; *see also id.* ¶¶ 4-5 (explaining the Medicaid and SNAP programs). Defendant also unlawfully collected benefits from New York City Housing Authority's Section Eight Existing Housing Voucher Program. *Id.* ¶ 9; *see also id.* ¶ 6 (explaining the Section Eight program). Defendant obtained these subsidies by falsifying his income and assets on certification forms and stating he lived in a Brooklyn apartment with his wife and two children, when subsequent investigations revealed he and his wife divorced and were living apart. *Id.* ¶¶ 9, 11, 15. The aggregate loss sustained by the respective agencies was calculated to be $173,448.00. *Id.* ¶ 15.

### B. The Need for the Sentence Imposed

The second § 3553(a) factor instructs the Court to consider "the need for the sentence imposed (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; (B) to afford adequate deterrence to criminal conduct; (C) to protect the public from further crimes of the defendant; and (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner." 18 U.S.C. § 3553(a)(2).

Defendant's fraudulent activity resulted in the unlawful seizure of tens of thousands of dollars in government funds. The Court's sentence recognizes the seriousness of Defendant's offense and punishes Defendant accordingly. It seeks to deter Defendant from further criminal activity and from turning to theft of government funds when he believes he needs financial assistance. More generally, the Court's sentence sends a message to others that the unlawful conversion of Government funds carries a risk of punishment that outweighs any potential gains.

## C. The Kinds of Sentences Available

The third § 3553(a) factor requires the Court to detail "the kinds of sentences available" for Defendant. 18 U.S.C. § 3553(a)(3).

Defendant pled guilty to the Count One of the Indictment, which charged Defendant with Theft of Government Funds in violation of 18 U.S.C. § 641. *See* Plea Agreement ¶ 1. By statute, Defendant faces a maximum term of imprisonment of ten years. *See* 18 U.S.C. § 641. Defendant also faces a maximum term of supervised release of three years, *id.* § 3583(b)(2); a maximum fine of $250,000.00, *id.* § 3571(b); mandatory restitution, *id.* § 3663A; forfeiture, *id.* § 981(a)(1)(C); and a special assessment of $100.00, *id.* § 3013. Defendant is statutorily eligible for between one and five years probation because Count One is a Class C felony. *Id.* § 3561(c)(1).

## D. The Kinds of Sentence and the Sentencing Range Established for Defendant's Offenses

The fourth § 3553(a) factor requires the Court to discuss "the kinds of sentence and the sentencing range established for . . . the applicable category of offense committed by the applicable category of defendant as set forth in the guidelines[.]" *Id.* § 3553(a)(4)(A).

The applicable Guideline for violations of 18 U.S.C. § 641 is Guideline § 2B1.1(a)(2), which provides a base offense level of 6. *See* United States Sentencing Commission, Guidelines Manual ("USSG") § 2B1.1(a)(2). Since the loss incurred from the fraud scheme was more than $150,000.00, ten levels are added pursuant to USSG § 2B1.1(b)(1)(F).

Defendant has clearly demonstrated acceptance of responsibility for the offense. Accordingly, the offense level is decreased by two levels. USSG § 3E1.1(a). Because the Government was notified in a timely manner of Defendant's intention to enter a plea of guilty,

6

the offense level is decreased by one additional level. USSG § 3E1.1(b). Accordingly, Defendant's total offense level is 13.

Given a total offense level of 13 and a criminal history category of I,[1] the Guidelines suggest a term of imprisonment of 12 to 18 months. USSG Ch. 5, Part A. All parties agree with this Guidelines calculation. *See* PSR ¶¶ 21-31, 34; Def. Sentencing Mem. at 3, ECF No. 30; Gov't Sentencing Mem. at 1, ECF No. 31. The Guidelines further recommend a term of supervised release of one to three years, *id.* § 5D1.2(a)(2); and a fine of between $3,000.00 and $30,000.00, *id.* § 5E1.2(c)(3). The Guidelines further suggest Defendant is ineligible for probation. *Id.* § 5B1.1 n.2.

Probation recommends a sentence of 14 months custody, followed by a three-year term of supervised release with special conditions. Probation Sentencing Recommendation at 1, ECF No. 25-1. Defense counsel requests a sentence of 366 days custody. Def. Sentencing Mem. at 2. The Government requests a sentence within the Guidelines range of 12 to 18 months. Gov't Sentencing Mem. at 1.

### E. Pertinent Policy Statement(s) of the Sentencing Commission

The fifth § 3553(a) factor requires the Court to evaluate "any pertinent policy statement . . . issued by the Sentencing Commission." 18 U.S.C. § 3553(a)(5). This factor is not relevant to Defendant's sentencing.

---

[1] Defendant has a pending charge from a December 15, 2018 arrest for Grand Larceny in the Fourth Degree and Criminal Possession of Stolen Property in the fifth Degree. PSR ¶ 36. According to defense counsel, Defendant pled guilty to a misdemeanor charge for this conduct, but the plea will be reduced to a disorderly conduct violation conviction if Defendant is not arrested again before August 27, 2019. *See* Def. Sentencing Mem. at 4 n.1, 7. Even if the Court calculates Defendant's criminal history with the current misdemeanor plea, the criminal history category would still be I. *See* USSG § 4A1.1(c); *id.* Ch. 5, Part A. Neither the Government nor Probation provided additional information to the Court with respect to this offense.

### F. The Need to Avoid Unwarranted Sentence Disparities

The sixth § 3553(a) factor requires the Court to consider "the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct." 18 U.S.C. § 3553(a)(6). For the reasons stated in this Memorandum and Order, and considering the other six § 3553(a) factors, the Court's sentence avoids unwarranted sentence disparities.

### G. The Need to Provide Restitution

Finally, the seventh § 3553(a) factor requires the Court to touch upon "the need to provide restitution to any victims of the offense." 18 U.S.C. § 3553(a)(7). As set forth in the Plea Agreement, restitution is mandatory pursuant to 18 U.S.C. § 2259 in the full amount of the victims' losses attributable to Defendant's activities. Plea Agreement ¶¶ 12-16; 18 U.S.C. §§ 2259, 3663A. With respect to Count One, Defendant is accountable for $39,270.00 in restitution owed to the SNAP Liaison Office of the Human Resources Administration, Department of Social Services. PSR ¶ 76.

### CONCLUSION

A sentence of 14 months of incarceration, to be followed by 3 years of supervised release, criminal forfeiture as set forth in the Order of Forfeiture, restitution in the amount of $39,270.00, and a $100.00 special assessment is appropriate and comports with the dictates of § 3553. This sentence is consistent with, and is sufficient but no greater than necessary to accomplish, the purposes of § 3553(a)(2).

The Court expressly adopts the factual findings of the Presentence Investigation Report, barring any errors contained therein, to the extent it is not inconsistent with this opinion. The Court imposes the special conditions of release proposed by the Probation Department.

SO ORDERED.

s/WFK
HON. WILLIAM F. KUNTZ, II
UNITED STATES DISTRICT JUDGE

Dated: July 29, 2019
      Brooklyn, New York